Guzman v. Holder

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of March, two thousand thirteen.

PRESENT: RALPH K. WINTER,
DENNY CHIN,
CHRISTOPHER F. DRONEY,
Circuit Judges.

- - - - - - - - - - - - - - - - - - - -x

JUNIOR RAFAEL VARGAS GUZMAN, AKA
JUNIOR GUZMAN, AKA JUNIOR VARGAS,
Petitioner,

-v.-                                    12-1611-ag

ERIC H. HOLDER, JR., United States
Attorney General,
Respondent.

- - - - - - - - - - - - - - - - - - - -x

FOR PETITIONER:        Thomas E. Moseley, Newark, New Jersey.

FOR RESPONDENT:        Stuart F. Delery, Principal Deputy Assistant Attorney General, Mary Jane Candaux, Assistant Director, Robbin K. Blaya, Trial Attorney, Office of Immigration Litigation, for Eric H. Holder, Jr., United States Attorney General, United States Department of Justice, Washington, District of Columbia.

Petition for review of a decision of the Board of Immigration Appeals ("BIA").

**UPON DUE CONSIDERATION, IT IS ORDERED, ADJUDGED, AND DECREED** that Respondent's motion to dismiss the petition for review is **GRANTED** and the petition is **DISMISSED**.

Petitioner Junior Rafael Vargas Guzman, a native and citizen of the Dominican Republic, seeks review of the April 12, 2012, decision of the BIA affirming the December 1, 2011, decision of Immigration Judge ("IJ") Steven J. Connelly, denying Vargas Guzman's fourth request for a continuance and ordering him removed. In re Junior Rafael Vargas Guzman, No. A044 447 904 (B.I.A. Apr. 12, 2012), aff'g No. A044 447 904 (Immig. Ct. Batavia Dec. 1, 2011). Vargas Guzman was convicted in state court of attempted robbery in the second degree in May 2001 and criminal possession of a weapon in the third degree in April 2005. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Vargas Guzman sought a continuance in his removal proceedings while awaiting the result of his post-conviction challenge in a collateral state court proceeding. In that proceeding, Vargas Guzman argued, based on Padilla v. Kentucky, 559 U.S. 356 (2010), that his 2001 robbery conviction should be overturned because his attorney failed to advise him of the immigration consequences of his guilty plea. He argued that if the Supreme Court found Padilla to apply retroactively, his robbery conviction would be overturned, he would no longer be

convicted of an aggravated felony, and he would therefore be eligible for cancellation of removal. 8 U.S.C. § 1229b(a).

The Supreme Court has now ruled, however, that <u>Padilla</u> does not have retroactive effect. <u>Chaidez v. United States</u>, 586 U.S. __ (Feb. 20, 2013) ("We conclude that, under the principle set out in <u>Teague v. Lane</u>, 489 U.S. 288 (1989), <u>Padilla</u> does not have retroactive effect."). Therefore, any constitutional or legal claim that Vargas Guzman might have had based on the purported retroactive effect of <u>Padilla</u> is now moot. Accordingly, we lack jurisdiction to review the final order of removal in this case. <u>See</u> 8 U.S.C. § 1252(a)(2)(C) and (a)(2)(D).

We have considered petitioner's remaining arguments and conclude they are without merit. For the foregoing reasons, the Respondent's motion is **GRANTED** and the petition for review is **DISMISSED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk